IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH MICHAEL TOOLEY,
# 27713-045,

Petitioner,

vs.

WARDEN WERLICH,

Respondent.                                   Case No. 18-cv-00999-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Joseph Tooley, who is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Tooley challenges the calculation of his federal sentence in *United States v. Ahmad, et al.*, No. 15-cr-06007-BP-9 (W.D. Mo.) ("federal criminal case"). He seeks credit for 17 months he spent in custody before the commencement of his federal sentence. (Doc. 1, p. 2).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules

gives this Court the authority to apply the rules to other habeas corpus cases.

## I.     Background

On April 15, 2015, Joseph Tooley was indicted by a federal grand jury sitting in the Western District of Missouri for one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 ("Count 1"). *United States v. Ahmad, et al.*, No. 15-cr-06007-BP-9 (W.D. Mo.) (Doc. 1, federal criminal case). Pursuant to a plea agreement, Tooley pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine on September 29, 2016. (Docs. 192, 194, federal criminal case).

In the written plea agreement, both parties acknowledged the statutory penalty Tooley faced, including a sentencing range of "not less than five (5) years imprisonment" and "not more than forty (40) years imprisonment and not more than a $5,000,000.00 fine." (Doc. 194, p. 4, federal criminal case). They also acknowledged that the Court was required to impose "not less than four (4) years of supervised release" for the Class B felony. *Id*. In addition, a money judgment would be entered against him in an amount "not to exceed $494,200.00." (Doc. 194, p. 5). The plea agreement also addressed sentencing procedures that would be used by the court. (Doc. 194, pp. 5-7).

On March 7, 2017, Tooley was sentenced in the United States District Court for the Western District of Missouri to a 110-month term of imprisonment for Count 1 "to run concurrent with Circuit Court of Jackson County, MO Case No. 1216-CR04755 w/ credit for time served." (Doc. 234, federal criminal case).

He was subject to five (5) years of supervised release and a forfeiture of $23,800.00. *Id*. Final Judgment was entered the same day. *Id*. An amended judgment that addressed the special conditions of supervision was entered on April 3, 2017. (Doc. 252, federal criminal case). Tooley did not file a direct appeal.

On December 22, 2017, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Tooley v. United States*, No. 17-cv-06153-BP (W.D. Mo. 2017) (§ 2255 Motion). In his § 2255 Motion, Tooley argued that he should be awarded credit for 17 months he spent in detention prior to the commencement of his federal sentence. (Doc. 1, § 2255 Motion). The Western District of Missouri denied the § 2255 Motion on March 28, 2018. (Doc. 10, § 2255 Motion). The district court directed Tooley to seek judicial review of the matter by filing a federal habeas petition pursuant to 28 U.S.C. § 2241 in the district where he is confined, after first exhausting his administrative remedies. *Id*. The instant habeas action followed.

## II.  The Petition

In his § 2241 Petition, Tooley asks this Court to review the computation of credits he received toward his federal sentence. (Doc. 1). Tooley explained that he was sentenced to a term of 110 months in federal prison to run concurrently with a state sentence he was serving in Jackson County Case No. 1216-04755. (Doc. 1, pp. 6, 8). Tooley contends that he should have also received a credit of 17 months for time he spent in detention before his federal sentence began. *Id*.

The Federal Bureau of Prisons ("BOP") allegedly gave him some portion of this credit. *Id*. He now asks this Court to award him all 17 months of credit. (Doc. 1, p. 8). Along with the § 2241 Petition, Tooley submitted documentation of his efforts to exhaust his administrative remedies prior to filing this action. (Doc. 1, pp. 10-18).

## III. Discussion

A federal prisoner who challenges the validity of his conviction or sentence is generally required to bring his claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the district of conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). When the prisoner "is attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citations omitted) (emphasis added). Tooley is attacking the length of his confinement, based on the BOP's alleged failure to award him credit for time he spent in presentence custody. *See United States v. Wilson*, 112 S. Ct. 1351, 1355 (1992) (Attorney General, acting through the BOP, calculates the sentence "as an administrative matter when imprisoning the defendant"). The calculation of the sentence can be challenged in a habeas petition under § 2241. *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). However, this can only be done after the petitioner exhausts his administrative remedies. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

Without commenting on the merits of Tooley's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

### IV.     Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 survives preliminary review.

**IT IS ORDERED** that Respondent Warden Werlich shall answer the petition or otherwise plead within thirty (30) days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and

not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

*[Signature: David R. Herndon]*

Judge Herndon
2018.05.16
14:28:10 -05'00'

**United States District Judge**