# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MICHAEL TOOLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 18-cv-999-SMY |
| ) | |
| WARDEN WERLICH, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Joseph Michael Tooley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the Bureau of Prisons' calculation of his sentence credit relating to time he spent in state custody before the commencement of his federal sentence. Respondent's Motion to Dismiss Petition for Lack of Jurisdiction due to Mootness (Doc. 16) is now before the Court for consideration.

## **Relevant Facts and Procedural History**

The instant Petition was filed on April 19, 2018. Tooley claimed that he was sentenced in the Western District of Missouri to 110 months in prison "to run concurrent with Circuit Court of Jackson County, MO Case No. 1216-CR04755 w/ credit for time served." (Doc. 234 in federal criminal case, *United States v. Ahmad, et al.*, No. 15-cr-06007-BP-9 (W.D. Mo.)). His habeas corpus Petition seeks a 17-month credit against this sentence. (Doc. 1, p. 2).

Respondent informs the Court via the instant motion that Petitioner presented the sentence credit matter to the Western District of Missouri through a motion to clarify, and in response, the court entered an Amended Judgment which reduced his sentence by 30 months. (Docs. 16, p. 1;

1

16-2, 16-3). As such, Tooley has received the relief he sought in his Petition, and Respondent argues that the habeas Petition should be dismissed as moot.

Tooley was given an opportunity to respond to the motion to dismiss and was warned that if he failed to file a response, such inaction could be considered as an admission to the merits of the motion. (Doc. 17); *see* SDIL-LR 7.1(c). The February 19, 2019 deadline for Tooley to respond has come and gone, and he has not filed a response.

### Analysis

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the present situation.

Respondent has documented that Tooley has effectively been granted the relief he requested (credit against his federal sentence for 17 months). In fact, the Western District of Missouri reduced Tooley's federal sentence from the original 110 months to 80 months, thereby shortening his sentence by 30 months. (Docs. 16-2; 16-3). Tooley has thus received all the relief he sought and more, and he has not contested Respondent's assertion that the case is now moot. Because this Court can afford Tooley no effective relief, the case is moot and will be dismissed.

### Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 16) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** as moot.

The Clerk of Court shall enter judgment in accordance with this order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed

with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: April 2, 2019**

s/ STACI M. YANDLE<br>
United States District Judge